**Faqir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73737.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Patrick O. Cantor, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Faqir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002), and we deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination. It was not unreasonable for the IJ to conclude that Singh lacked credibility because of unexplained inconsistencies between his testimony, his application and his wife's testimony regarding whether Singh and his wife had a fifth child. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Our review of the record does not compel a contrary conclusion. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir. 1999).

Singh's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003).

■ Because Singh failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's claim under the CAT are based on the same testimonial and documentary evidence that the IJ de-

termined to be not credible in connection with his asylum claim, the IJ also properly denied Singh protection under the CAT. *See id.* at 1156–57.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

